UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23270-DAMIAN

VICTOR MANUEL CORONEL RAMIREZ,
*and all others similar situated under 29 U.S.C. §216(b)*,

    Plaintiff,

vs.

ROSALIA'S INC., *et al.*,

    Defendants.

_____/

## ORDER ON PARTIES' CROSS-MOTIONS IN LIMINE [ECF NOS. 89, 90]

THIS CAUSE is before the Court on Defendants, Rosalia's Inc., Kosmas A. Kalas, and Manuel Pacucar's (collectively, "Defendants"), Motion in Limine ("Defendant's Motion") and Plaintiff, Victor Manuel Coronel Ramirez's ("Plaintiff" or "Mr. Ramirez"), Omnibus Motion in Limine ("Plaintiff's Motion"). [ECF Nos. 89, 90].[1]

THE COURT has reviewed the motions [ECF Nos. 89, 90], the responses and replies thereto [ECF Nos. 92, 93, 95], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. For the reasons that follow, the Motions in Limine [ECF No. 89, 90] are granted in part and denied in part.

---

[1] This matter is before the undersigned pursuant to the parties' Consent to Proceed Before a United States Magistrate Judge, in which the parties jointly and voluntarily elected to have the undersigned conduct all further proceedings in this case. [ECF No. 80]. *See* 28 U.S.C. § 636(c).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In this case, Mr. Ramirez alleges that he was employed by Defendants as a cook at Defendant Rosalia's from July 2005 to January 2020 and that, between the period of May 2017 to January 2020, Defendants willfully and intentionally refused to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. [ECF No.1-2 ("Complaint")] at ¶¶ 16, 22-23.

In their defense, Defendants assert, *inter alia*, that Mr. Ramirez's damages are barred by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because they acted in good faith and with reasonable grounds for believing that they were not violating the FLSA. [ECF No. 4] at ¶ 6. Defendants also contend that Mr. Ramirez was exempt from FLSA overtime wage laws as a salaried employee with managerial responsibilities. *Id*. at 4.

On September 19, 2022, the parties filed their Cross-Motions in Limine, which are now ripe for adjudication.

## II. LEGAL STANDARDS

Courts have broad discretion in determining the admissibility of evidence. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1243 (11th Cir. 2009). "Motions in limine are generally disfavored" and "[e]vidence is properly excluded only if the evidence is clearly inadmissible for any purpose." *Baptista v. Carnival Corp.*, No. 1:17-CV-22115-KMM, 2018 WL 1226041, at *1 (S.D. Fla. Mar. 5, 2018) (Moore, C.J.) (citations and internal quotation marks omitted). "The real purpose of a Motion [i]n Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging

2

evidence which may irretrievably effect the fairness of the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). A court's order on the motion "remains subject to reconsideration by the court throughout the trial." *Id.* ("At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion.") (citing *Luce*, 469 U.S. at 41). The movant has the burden to demonstrate that the evidence is inadmissible on any relevant ground. *Id*.

### III. DISCUSSION

The Court will first address the issues raised in Defendants' Motion and then turn to the issues raised in Plaintiff's Motion.

#### *A. Issues Raised In Defendants' Motion In Limine*

Defendants seek to exclude all argument, references, evidence, or testimony at trial as to two issues: (1) other FLSA actions brought against other restaurants owned by individual Defendants Kosmas A. Kalas and Manuel Pacuacar; and (2) other entities owned by Messrs. Kalas and Pacuacar. Defs. Mot. at 1.

##### 1. Reference To Other FLSA Actions

Defendants argue that evidence or testimony regarding any lawsuits against other restaurants owned by the individual Defendants must be excluded because such evidence is

irrelevant to the case at issue and unduly prejudicial. *Id*. at 3. Defendants contend that excluding evidence of other lawsuits against the individual Defendants is particularly required here, where the other lawsuits were not brought against the entity Defendant, Rosalia's Inc., and where this case differs from a standard FLSA claim because of Defendants' affirmative defense that Mr. Ramirez is an exempt employee under the FLSA. *Id*. at 4.

In response, Mr. Ramirez indicates that he has listed nine other FLSA lawsuits filed against Rosalia's and other entities owned by the individual Defendants as exhibits for trial for the purpose of showing that Defendants' violations of the FLSA were reckless and/or intentional and that Defendants did not act in good faith when violating the FLSA. Resp. to Defs. Mot. at 2-4. Mr. Ramirez argues that he must prove that Defendants recklessly or willfully violated the FLSA in order to extend the statute of limitations of his claims from two years to three. *Id*. at 2 (citing *Davila vs. Mendez*, 717 F.3d 1179 (11th Cir. 2013)). And Mr. Ramirez contends that whether Defendants acted in good faith is relevant to their FLSA safe harbor defense against liquidated damages. *Id*. at 2-3 (citing *Rodriguez vs. Farm Stores*, 518 F.3d, 1259 (11th Cir. 2008)). Mr. Ramirez also claims that any reference to these other lawsuits at trial will be brief and will not lead to "mini-trials" of those other cases. *Id*. at 3.

Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible and irrelevant evidence is not admissible. *See* Fed. R. Evid. 402. But even when evidence is relevant, courts may exclude it "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury," among

4

others. Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which should be used sparingly, and the trial court's discretion to exclude evidence as unduly prejudicial is "narrowly circumscribed." *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991). Moreover, prior acts of a party, such as previous lawsuits, are generally not permitted to prove the character of a party on a particular occasion, though they can be used to prove motive, intent, preparation, plan, or knowledge. Fed. R. Evid. 404(b). Even so, the probative value must outweigh the prejudicial effect that prior act may have on a present case. Fed. R. Evid. 403.

Although evidence of prior FLSA lawsuits against the Defendants may be relevant to the issues of whether Defendants' violations were reckless and/or intentional and whether Defendants acted in good faith, at this point, the Court finds that such evidence is more prejudicial than it is probative of these issues. Plaintiff may prove Defendants' knowledge, intent, and lack of good faith through other admissible evidence of Defendants' prior actions.

Therefore, Defendants' request to exclude such evidence at trial is granted. In the event the issue of whether Defendants have ever previously been sued or involved in investigations or litigation on similar FLSA issues becomes an issue, Plaintiff may request permission to revisit this issue with the Court outside the hearing of the jury.

### 2. Reference To Other Entities Owned By Defendants

Defendants also argue that evidence or testimony regarding the individual Defendants' ownership of any entity other than Defendant Rosalia's is not relevant and will prejudice the jury into assuming that Defendants are wealthy and can support a judgment. Defs. Mot. at 4-5.

In response, Mr. Ramirez asserts a similar argument to the one above—that the individual Defendants' ownership of other restaurants is evidence of their experience in the restaurant industry and with the FLSA, which is relevant to the issues of whether Defendants' violations of the FLSA were reckless and/or intentional and whether they acted in good faith. Resp. to Def. Mot. at 3.

The Court finds that Defendants' ownership of other entities is relevant to the issues in this case, including whether Defendants' violations were reckless and/or intentional and whether they acted in good faith. The Court further finds that the fact that Defendants have other restaurants is not unduly prejudicial. However, Plaintiff will not be permitted to delve into details about the other restaurants, such as earnings or profits, nor will Plaintiff be permitted to present evidence regarding investigations or lawsuits against those other restaurants as set forth above, as such evidence would be unduly prejudicial.

Therefore, the Court denies in part Defendants' request to exclude such evidence. However, in the event issues concerning the other restaurants' financials or other details about them become an issue, Plaintiff may request permission to revisit this issue with the Court outside the hearing of the jury.

### B. Issues Raised In Plaintiff's Motion In Limine

Plaintiff seeks to exclude evidence or testimony regarding the following:

a) Any references to attorneys' fees and costs;
b) Any reference to liquidated damages;
c) Any reference to Mr. Ramirez's Counsel and the Firm's representation of Mr. Ramirez;

6

  d) Any reference to Mr. Ramirez's immigration status;

  e) Reference to Mr. Ramirez's arrests, convictions, pleas of *nolo contendere*, and pending criminal cases, if any;

  f) Reference to Mr. Ramirez's use of a false social security number; and

  g) Reference to any sexual harassment complaints by other employees.

Pl. Mot. at 1. Defendants do not oppose exclusion of evidence regarding (a) – (e) but do oppose exclusion of evidence regarding Mr. Ramirez's use of a false social security number and sexual harassment complaints against Mr. Ramirez by other employees. Resp. to Pl. Mot. at 2. The Court addresses these two remaining issues below.

  **1. <u>Reference To Mr. Ramirez's Use Of A False Social Security Number</u>**

  Mr. Ramirez seeks to exclude any reference to his use of a false social security number on grounds such reference is a "back door" way to advise the jury of Mr. Ramirez's immigration status, which the parties agreed would not be brought up at trial. Pl. Mot. at 8.

  In response, Defendants assert that whether Mr. Ramirez used a false social security number should be allowed for impeachment purposes because it is probative of Mr. Ramirez's character for truthfulness. Resp. to Pl. Mot. at 5.

  Rule 608 of the Federal Rules of Evidence provides that a court may permit evidence of "specific instances of a witness' conduct" on cross-examination if such instances "are probative of the character for truthfulness or untruthfulness of [ ] the witness." Fed. R. Evid. 608(b). "Acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud." *Ad-Vantage Tel. Directory Consultants v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994).

7

The use of false identification documents, such as a social security number, is an act probative of untruthfulness. Therefore, Defendants are permitted to ask Mr. Ramirez whether he used a false social security number for impeachment purposes only. *See Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2011 WL 6029981, at *4 (S.D. Fla. Nov. 30, 2011) (Cooke, J.) (finding that counsel properly impeached witness when asking him about his use of someone else's social security number). Defendants will not be permitted to delve into Ramirez's immigration status and, as such, will not be permitted to ask Mr. Ramirez why he obtained a false social security number.

Plaintiff's request to exclude evidence that Mr. Ramirez used a false social security number is, therefore, denied.

2. **Reference To Sexual Harassment Complaints Against Mr. Ramirez**

Mr. Ramirez also seeks to exclude any reference to sexual harassment complaints asserted against him by other employees on grounds that such evidence has no relevance to the issues in this case and would be unfairly prejudicial to him. Pl. Mot. at 9.

In response, Defendants contend that evidence related to sexual harassment complaints against Mr. Ramirez is relevant because the complaints were raised by a subordinate employee and such evidence includes documents that Mr. Ramirez signed identifying himself as a "Head Chef." Resp. to Pl. Mot. at 6. Whether Mr. Ramirez supervised other employees is a requirement of the Executive Exemption of the FLSA, which is a primary issue in this case, and, therefore, Defendants assert it would be an error to prevent presentation of evidence on this issue. *Id.*

8

The Court finds that the danger of unfair prejudice that will likely result from the introduction of such evidence substantially outweighs any probative value the evidence offers to the issue of whether Mr. Ramirez supervised other employees. Defendants can demonstrate that Mr. Ramirez was a managerial employee through witness testimonies or other evidence less prejudicial than sexual harassment complaints. Moreover, Defendants may offer evidence that Mr. Ramirez identified himself as "Head Chef" in a letter to Defendants, marked as Exhibit 5 for identification in Defendant's Exhibit List, without disclosing the subject matter of the letter.

As such, Plaintiff's Motion is granted as to exclusion of references to sexual harassment claims as set forth above.

### IV. CONCLUSION

For the foregoing reasons it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion in Limine [ECF No. 89] is **GRANTED IN PART AND DENIED IN PART** as follows:

1) Defendants' Motion is **GRANTED** as to evidence or testimony regarding any lawsuits against other restaurants owned by the individual Defendants;

2) Defendants' Motion is **DENIED IN PART** as to evidence or testimony regarding individual Defendants' ownership of any entity other than Defendant Rosalia's, except that Plaintiff will not be permitted to delve into details about the other restaurants nor present evidence regarding investigations or lawsuits against those other restaurants as set forth above.

It is further

**ORDERED AND ADJUDGED** that Plaintiff's Omnibus Motion in Limine [ECF No. 90] is **GRANTED IN PART AND DENIED IN PART** as follows:

1) Plaintiff's Motion is **GRANTED**, and Defendants are precluded from offering evidence at trial as to the following:

    a) Any references to attorneys' fees and costs;

    b) Any reference to liquidated damages;

    c) Any reference to Mr. Ramirez's Counsel and the Firm's representation of Mr. Ramirez;

    d) Any reference to Mr. Ramirez's immigration status;

    e) Reference to Mr. Ramirez's arrests, convictions, pleas of *nolo contendere*, and pending criminal cases, if any; and

    f) Reference to any sexual harassment complaints against Mr. Ramirez by other employees as set forth above.

2) Plaintiff's Motion is **DENIED** without prejudice as to any reference to Mr. Ramirez's use of a false social security number.

**DONE and ORDERED** in Chambers at Miami, Florida, this 19th day of October 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record