UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23270-DAMIAN

VICTOR MANUEL CORONEL RAMIREZ,

    Plaintiff,

vs.

ROSALIA'S INC., KOSMAS A. KALAS,
and MANUEL PAUCAR,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S APPLICATION
FOR BILL OF COSTS AND MOTION TO TAX COSTS [ECF NOS. 124, 125]**

THIS CAUSE is before the Court on Plaintiff, Victor Manuel Coronel Ramirez's, ("Plaintiff" or "Mr. Ramirez"), Application for Bill of Costs [ECF No. 124] (the "Application") and Motion to Tax Costs [ECF No. 125] (the "Motion"), filed November 22, 2022. This matter is before the undersigned pursuant to the parties' Consent to Proceed Before a United States Magistrate Judge, in which the parties jointly and voluntarily elected to have the undersigned conduct all further proceedings in this case. [ECF No. 80]. *See* 28 U.S.C. § 636(c).

The undersigned has reviewed the Motion, Application and supporting documents, Defendants' Response [ECF No. 130], Plaintiff's Reply [ECF No. 137], the pertinent portions of the record, and the relevant legal authorities, and is otherwise fully advised in the premises. For the reasons set forth below, the Application and Motion are **GRANTED IN PART AND DENIED IN PART.**

I. **BACKGROUND**

On May 7, 2020, Mr. Ramirez filed the Complaint against Defendants in state court [ECF No. 1-2], and Defendants removed the case to this Court on August 6, 2020 [ECF No. 1]. In the Complaint, Mr. Ramirez alleges he was employed as a cook for Defendants from July 2005 to January 2020 and that between May 2017 and January 2020, Defendants willfully and intentionally refused to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. [ECF No.1-2] at ¶¶ 16, 22-23.

In October 2022, the parties proceeded to a jury trial, and on October 28, 2022, the jury returned a verdict in favor of Plaintiff. [ECF No. 115]. The Court entered Final Judgment in favor of Plaintiff on November 1, 2022. [ECF No. 118].

On November 22, 2022, Plaintiff filed the Application and Motion to Tax Costs, pursuant to Federal Rule of Civil Procedure 54(d)(1).[1] In the Application, Plaintiff seeks to recover $14,954.35 in costs, including filing fees, fees for issuance of summonses, charges in connection with the service of subpoenas, court reporter fees and transcript costs, witness fees, interpreter costs, docket fees, and photocopies. [ECF No. 125]. In their Response, Defendants argue that the Motion should be denied on the grounds Defendants asserted good faith defenses to Plaintiff's claims. [ECF No. 130]. Defendants also argue that the requested costs are excessive on grounds Plaintiff did not justify the number of photocopies or the per page cost; did not explain the requested docket fees; seeks too high a rate for service of process fees,

---

[1] Separately, Plaintiff filed a Motion for Attorneys' Fees and Costs [ECF No. 126] and a Motion for Supplemental Attorney Fees and Costs [ECF No. 143]. Those remain pending and will be addressed by separate order.

2

including seeking payment for additional addresses, skip tracing, and priority service; is not entitled to added court reporter costs; that witness fees are not explained; and that the requested interpreter fees are excessive. *Id.*

In the Reply, Plaintiff agreed to withdraw the request for $50 in docket fees and the fees for condensed deposition transcripts and processing costs ($50). Reply at 5, 7-. Otherwise, Plaintiff maintains the requested costs are allowable and reasonable, and Plaintiff provided additional explanations for some of the costs. *Id.*

## II.    APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d)(1) provides that prevailing parties are entitled to payment of litigation costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). There is a "strong presumption" in favor of awarding taxable costs to the prevailing party. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). A district court may tax as costs the following:

> Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and

3

reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008) (Cooke, J.).

### III. DISCUSSION

The Court will address each category of costs requested. However, initially, the Court addresses Defendants' request that the Court deny the requested costs on grounds Defendants asserted good faith defenses to the claims.

#### A. *Plaintiff's Entitlement To A Costs Award*

Although they do not dispute that Plaintiff is the prevailing party, Defendants request this Court exercise its discretion to deny Plaintiff's request for costs on grounds Defendants asserted good faith defenses to the claims against them.

Federal Rule of Civil Procedure 54(d)(1) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000); *Manor Healthcare Corp. v. Lomelo,* 929 F.2d 633, 639 (11th Cir.1991); *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352 (1981). In fact, Rule 54 specifically states: "Costs other than attorneys' fees *shall* be allowed as of course to the prevailing party unless the court otherwise directs." (emphasis added). A district court's discretion to deny costs (in particular to a prevailing plaintiff under a civil rights statute or the Fair Labor Standards Act) is quite limited, as the courts have noted that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them. . . . Generally, only misconduct by the prevailing party worthy of a penalty . . . will suffice to justify denying costs." *Weeks v. Samsung*

4

*Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir.1997); *see Gilchrist v. Bolger,* 733 F.2d 1551, 1557 (11th Cir.1984) ("[T]he language of the rule reasonably bears intendment that the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome that presumption . . . [since] denial of costs . . . is in the nature of a penalty for some defection on his part in the course of the litigation.").

In short, there is a strong presumption here that Plaintiff is entitled to his costs, and, to overcome that presumption, there must be a sound legal reason for doing so. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017). Here, Defendants have not presented sufficient *legal* grounds to overcome the strong presumption in favor of awarding costs to Plaintiff, the prevailing party.

Therefore, the Court finds Plaintiff is entitled to an award of costs as the prevailing party. The Court now considers the costs sought and Defendants' challenges thereto.

### B.  *Costs Requested By Plaintiff*

Under Section 1920, the following costs are taxable against the losing party:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court may still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian*, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (Cooke, J.) (citations omitted). Still, the court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Moreover, even if the losing party does not substantively object to specific costs (or the reasonableness of the amounts) sought by the prevailing party, the Court independently reviews the costs sought to determine whether they are recoverable under Section 1920. *See Monelus*, 609 F. Supp. 2d at 1333 ("Although [the] [p]laintiff has failed to object to the costs set forth in [the] [d]efendant's [m]otion, the Court nonetheless reviews each category of the items sought in the [d]efendant's [m]otion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020), report and recommendation adopted, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought I believe the better approach is to analyze each part of the application and rule accordingly."); *Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015) (Seltzer, J.), *report and recommendation adopted sub nom. Hamilton*

6

*v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015) ("Although [the] [p]laintiff has not opposed an award of costs, the undersigned finds that some of the costs sought by [the] [d]efendants are either not taxable under § 1920, or they exceed the permissible statutory amount. The undersigned, therefore, will consider the [m]otion on its merits.").

### 1. Fees Of The Clerk And Marshal (§1920(1))

#### Clerk Of Court Fees

Plaintiff requests $401.00 as the cost incurred as a filing fee for originally filing the lawsuit in State Court. Mot. at 3. In addition, Plaintiff seeks $40.00 for costs incurred for issuance of summonses by the Clerk of Court for four Defendants. *Id.*

Defendants do not challenge Plaintiff's request for filing fees and summonses, all of which fall within the category of fees of the clerk. Nevertheless, the Court has considered these requests to assure they are taxable costs and the amounts are reasonable. Fees of the Clerk are taxable pursuant to Section 1920(1), and Plaintiff has identified the specific costs incurred upon payments to the Clerk. The Court finds the requested fees of $441.00 for the filing fee and issuance of summonses are taxable and grants the request for these fees.

#### Service Of Process And Subpoenas

Plaintiff also requests $2,740.00 in costs incurred for service of process, service of subpoenas for deposition and trial, charges for skip traces to locate witnesses, and charges for additional attempts to serve individuals who were not successfully served on initial attempts. *See* Mot. at 3-4. Defendants respond that the costs requested by Plaintiff in connection with the use of private process servers are excessive. Resp. at 5-7. Specifically, Defendants contend

7

that the base service of process fee of $75.00 is excessive because the rate exceeds that charged by the United States Marshals Service ($65.00). *Id*. Defendants also challenge Plaintiff's request for costs associated with serving or attempting to serve individuals at more than one address, with priority service fees, and with skip tracing. *Id*.

In the Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *W & O*, 213 F.3d at 624). The United States Marshals Service charges "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). Thus, a party may recover private process server fees as long as the rate does not exceed $65.00 per hour plus travel and out-of-pocket expenses.

Plaintiff's Motion and supporting documents reflect process server fees which range from $50.00 to $75.00. The Court finds that Plaintiff is entitled to recover up to $65.00 for service of subpoenas by private process servers. In his Reply, Plaintiff claims that the $75.00 service fees are reasonable because they are inclusive of travel and out-of-pocket expenses. Reply at 5. However, the invoices submitted by Plaintiff do not indicate that the $75.00 charges include anything other than a "service fee." Therefore, Plaintiff may not recover more than $65.00 for any service fee.

Defendants also challenge Plaintiff's numerous charges for service of individuals at "additional addresses." Resp. at 6. Plaintiff explains that witnesses had to be served at additional addresses because initial attempts failed either because Plaintiff's initial research

8

turned up an incorrect address or because addresses provided by Defendants for non-party witnesses were incorrect. Reply at 5. The Court finds Plaintiff has not provided sufficient justification for taxing Defendants with multiple service attempts at multiple addresses for any of the individuals identified, and, therefore, costs for multiple service attempts will be disallowed. *See, e.g.*, *Guzy v. QBE Specialty Ins. Co.*, No. 20-23169-CIV, 2023 WL 2244829, at *10 (S.D. Fla. Feb. 9, 2023) (Goodman, J.), *report and recommendation adopted*, No. 1:20-CV-23169, 2023 WL 2240456 (S.D. Fla. Feb. 27, 2023); *Johnson v. Cumberland Gulf Grp. of Co.*, No. 617CV788ORL41KRS, 2019 WL 11502526, at *5 (M.D. Fla. Jan. 23, 2019), *report and recommendation adopted*, No. 617CV788ORL41KRS, 2019 WL 11502470 (M.D. Fla. Feb. 12, 2019) (recommending denial of charges for additional addresses where "there [was] no explanation in the motion why correct addresses were not provided in the subpoena"). Plaintiff may not recover for more than one service attempt for any individual (except that separate service fees may be recovered for service of deposition subpoenas and service of trial subpoenas).

Plaintiff also seeks to recover a total of $475.00 for three skip trace charges. However, Plaintiff has not presented the Court with any case law supporting the taxation of skip trace services under Section 1920. Accordingly, the skip trace fees will be excluded from the costs award. *See Guzy*, No. 20-23169-CIV, 2023 WL 2244829, at *10; *Trawick v. Carmike Cinemas, Inc.*, 430 F. Supp. 3d 1354, 1370 (M.D. Ga. 2019) (excluding "rush fees or fees for investigating a tag number or conducting a skip trace because [the movant] did not point the [c]ourt to any authority that such costs are recoverable as '[f]ees of the ... marshal'"); *Rizzo-Alderson v. Tawfik*, No. 5:17-CV-312-OC-37PRL, 2019 WL 3324298, at *4 (M.D. Fla. July 1,

9

2019), *report and recommendation adopted sub nom. Rizzo-Alderson v. Eihab H. Tawfik, M.D., P.A.*, No. 5:17-CV-312-OC-37PRL, 2019 WL 3323432 (M.D. Fla. July 24, 2019) ("[T]he $75.00 charge for skip trace services is not recoverable."); *Vista Clinical Diagnostics, LLC v. Markovic*, No. 617CV1491ORL41TBS, 2018 WL 4760821, at *2 (M.D. Fla. Aug. 7, 2018), *report and recommendation adopted*, No. 617CV1491ORL41TBS, 2019 WL 1383514 (M.D. Fla. Mar. 27, 2019) ("[The] [p]laintiffs also seek reimbursement for 'skip trace,' a service that is not shown to be within the statute.").

Plaintiff also requests fees for expedited service of trial subpoenas for two witnesses, Elmer Gomez ($225) and William Lux ($325). Plaintiff has provided sufficient explanation for the need for expedited service of trial subpoenas for these two individuals, both of whom were employed by Defendants and for whom Defendants declined to assist in efforts to serve until the very last minute. Therefore, the Court finds the additional fees for expedited service on these two individuals are taxable.

Plaintiff shall submit an updated Bill of Costs to reflect the foregoing adjustments.

**2. Fees For Electronically Recorded Transcripts (§1920(2)) And Deposition-Related Expenses**

Plaintiff seeks to recover $4,464.60 for the costs of obtaining deposition transcripts of numerous witnesses, court reporter appearance fees, and various other fees charged in connection with the taking of depositions in the case. Mot. at 5-6. Defendants challenge Plaintiff's request for premium court reporter attendance fees and videoconference expenses. Resp. at 7-8. Defendants also point out that Plaintiff miscalculated at least one of the court reporter attendance fee requests. *Id.*

Deposition Transcripts

Costs for transcripts are authorized by Section 1920(2) insofar as such transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff claims the depositions were necessary for Plaintiff to prove his case. Mot. at 5. Defendants do not challenge the necessity of the depositions or the costs associated with obtaining transcripts. "Because the parties presumably have equal knowledge of the basis for each deposition," the party challenging the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Spatz* v. M*icrotel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *4 (S.D. Fla. May 4, 2012) (Rosenbaum, J.) (quoting *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)) (alteration in original). Because Defendants do not specifically address this issue in their Response, the Court finds that the deposition transcripts costs are taxable.[2]

Defendants object to charges for condensed transcripts and for processing and compliance relating to Plaintiff's deposition. Resp. at 9. However, in his Reply, Plaintiff

---

[2] Although not challenged by Defendants, the Court also reviewed the per page rates charged for the transcripts. Plaintiff's invoices reflect per page deposition transcript rates of $4.50. The per-page deposition transcript rates sought by Plaintiff are reasonable and taxable. *See, e.g.*, *Harrell v. City of Opa-Locka*, No. 20-CV-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022) (Goodman, J.), *report and recommendation adopted*, No. 20-21927-CIV, 2022 WL 1605333 (S.D. Fla. May 20, 2022) (finding deposition transcript rate of $4.50 per page to be reasonable).

11

agreed to withdraw the request for such costs ($50.00), and, therefore, the issue is moot. Reply at 7.

Accordingly, Plaintiff's request for deposition transcript costs, other than the above-discussed $50.00 fee incurred in connection with the Plaintiff's deposition, are taxable.

Court Reporter Attendance Fees

"[C]ourts in this District are split on whether [court reporter] appearance fees are taxable costs." *Club Madonna, Inc. v. City of Miami Beach*, No. 16-25378-CIV, 2022 WL 16701244, at *3 (S.D. Fla. Oct. 12, 2022) (Goodman, J.), *report and recommendation adopted*, No. 16-25378-CIV, 2022 WL 16701615 (S.D. Fla. Nov. 3, 2022). Nonetheless, "[t]he majority of courts in this district and the appellate courts which have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2)." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *6 (S.D. Fla. Jan. 2, 2014) (Goodman, J.).

Plaintiffs' invoices reflect court report attendance fees of $125.00 for the first hour and $65.00 for each additional hour charged by the attending court reporters. [ECF No. 124-1]. The Court finds these rates are reasonable. *See Banuchi v. City of Homestead*, No. 20-CV-25133, 2023 WL 2587389, at *9 (S.D. Fla. Feb. 7, 2023) (Goodman, J.), *report and recommendation adopted,* No. 20-25133-CIV, 2023 WL 2585061 (S.D. Fla. Mar. 21, 2023) (approving court report attendance fees in the range of $65.00 to $365.00); *Spatz*, 2012 WL 1587663, at *4 ("The Court [ ] rejects Spatz's argument that the $385.00 and $415.00 attendance fees are excessive. Spatz offers no support for this claim and therefore has not met his burden to show that the fees are not recoverable. Moreover, based on the Court's experience and a review of

similar fees awarded in other cases, the Court finds that the attendance fees sought by [the] [d]efendants here are reasonable."); *Monelus*, 609 F. Supp. 2d at 1338-39 (awarding court reporter appearance fee of $225.00). Therefore, the court reporter attendance fees are taxable.

Defendants also challenge the charge for the court reporter's premium hourly rate for one of the depositions charged because the deposition lasted past 5:00 pm. Resp. at 8. According to Defendants, the reason the deposition lasted past 5:00 was for the convenience of counsel. Plaintiff responds that the convenience was for Defendants because they requested the deposition start late. Reply at 6. Defendants bear the burden of demonstrating that the requested cost is not recoverable. The Court finds Defendants have not met their burden with regard to the after-hours fee, and, therefore, the after-hours cost is taxable. *See* ECF 124-1 at 22.

## Video Recording Fees

Defendants challenge fees charged by the court reporting services for videoconference connections (Zoom) and electronic exhibit tools. Resp. at 8. Plaintiff replies these are standard fees because the depositions at issue were taken during the COVID-19 pandemic and, therefore, were taken remotely.

In *Morrison v. Reichhold Chemicals, Inc.*, the Eleventh Circuit stated that "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." (footnote omitted); *see also Procaps v. Patheon, Inc.*, No. 12-24356-CIV, 2016 WL 411017, at * 3 (S.D.

13

Fla. Feb. 2, 2016) ("The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party.") (citing *Morrison*, 97 F. 3d at 464-65). "However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Perfect Web Techs., Inc. v. Infousa, Inc.*, No. 07-80286-CIV, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009) (Ryskamp, J.).

The Court finds Plaintiff has adequately justified the need to proceed by way of video deposition, and there is no indication that Defendants objected to the use of such means at the time the depositions were noticed or taken. As such, the additional costs associated with remote depositions are taxable.

Plaintiff shall submit an updated Application to reflect the foregoing adjustments regarding taxable costs associated with depositions.

### 3. Fees For Witnesses (§1920(3))

Plaintiff seeks $360.00 in witness fees in connection with the deposition and trial attendance of six witnesses. Mot. at 6; Application at 1-2. Defendants respond that Plaintiff's request seeks $55.00 for several witness fees without explanation for the cost over and above the awardable $40.00 fee. Resp. at 8. Defendants also challenge Plaintiff's request for a witness fee for Elmer Gomez who was not served. *Id*. In his Reply, Plaintiff does not explain the $55.00 fees, and, regarding Elmer Gomez, cites cases regarding witness fees who

14

ultimately are not called to testify as opposed to cases regarding witnesses who are never actually served. Reply at 6.

"Witness fees are statutorily mandated by 28 U.S.C. § 1920(3) ... [h]owever, the amount of witness fees and taxable costs are governed by 28 U.S.C. § 1821...." *Rosenfeld v. Oceania Cruises, Inc.*, No. 08-22174-CIV, 2010 WL 11505555, at *3 (S.D. Fla. May 25, 2010) (Bandstra, J.). "A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (quoting 28 U.S.C. § 1821).

Here, the witness fees incurred by the witnesses' depositions and trial attendance are the types of witness fee permitted by statute. Moreover, a review of Plaintiff's Application reflects Plaintiff only seeks $40.00 per witness for witness fees. Application at 2. The $55.00 "out of pocket" fees raised by Defendants appear to fall into the process server fees addressed above. The Court finds that Plaintiff limits its request to the $40.00 amount permitted for each of its six witnesses, and, therefore, Plaintiff should be permitted to recover a $40.00 witness fee for each witness who appeared for trial or deposition, whether they actually testified or not.

However, Plaintiff has not justified payment of the $40.00 fee for Elmer Gonzalez, who, according to Defendants, was never served nor did he appear to testify. Therefore, the $40.00 fee for Elmer Gonzalez is not taxable.

Plaintiff shall submit a revised application reflecting the above modifications.

4. **Fees For Printing And Photocopies (§1920(3) and (4))**

Plaintiff requests $933.75 for what is identified in the Motion as "copies", indicating "approximately 3,735 copies." Mot. at 8. In the Application, the request for the $933.75 is made in the Bill of Costs for "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" (again indicating approximately 3,735 copies). Application at 1. Defendants respond that Plaintiff's request for these costs is inadequate because it fails to provide any information regarding what the copies were or why they were necessary. Resp. at 4. Defendants also argue that the proposed rate of $0.25 per copy is excessive. *Id.*

In his Reply, Plaintiff provides additional information regarding the copies for which these costs are requested as well as justification for the per copy rate charged. Reply at 3-4. Specifically, Plaintiff indicates 252 pages printed for Defendants' trial exhibits emailed by defense counsel; 275 pages for printing of discovery responses and pleadings for use at trial; 391 pages printed for trial binders, multiplied by 4 for Plaintiff's counsel, the Court, the jury, and the witness (total 1564 pages); and printed depositions of 7 individuals for use at trial, multiplied by 3 for copies for counsel, the Court, and the witness (total 1,644 pages). Reply at 3-4. Thus, the request is for both printing and copying.

Plaintiff has the burden of demonstrating how its printing costs were necessarily incurred in the case. *See Gould v. Carnival Corp.*, No. 19-CV-20289, 2022 WL 742737, at *8 (S.D. Fla. Mar. 10, 2022) (Goodman, J.); *Wreal, LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2019 WL 12278758, at *8 (S.D. Fla. Dec. 26, 2019) (Goodman, J.), *report and recommendation adopted*, No. 14-21385-CIV, 2020 WL 9551978 (S.D. Fla. Jan. 15, 2020); *see also Nolasco v.*

*AKS Cartage Corp.*, No. 17-21728-CIV, 2018 WL 4905873, at *3 (S.D. Fla. Sept. 5, 2018) (reducing printing costs where the prevailing party failed to explain why the "printing costs were necessarily incurred in the case") (O'Sullivan, J.). As for the copies, Plaintiff must "present evidence regarding the documents copied including their use or intended use." *People for Ethical Treatment of Animals, Inc. v. Miami Seaquarium & Festival Fun Parks, LLC*, No. 15-22692-CIV, 2017 WL 7513237, at *6 (S.D. Fla. May 31, 2017) (Otazo-Reyes, J.), *report and recommendation adopted sub nom. People for Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, No. 1:15-CV-22692-UU, 2017 WL 7411187 (S.D. Fla. July 24, 2017). Moreover, Plaintiff has the "burden of adequately describing the copying costs so that the court may determine their taxability." *Carroll v. Carnival Corp.*, No. 16-20829-CIV, 2018 WL 1795469, at *6 (S.D. Fla. Feb. 6, 2018) (Goodman, J.) (*citing Davis v. Cruise Operator, Inc.*, No. 16-CV-62391, 2017 WL 4347031, at *3 (S.D. Fla. Sept. 29, 2017))., *report and recommendation adopted as modified*, No. 16-20829-CIV, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018).

 Here, Plaintiff avers that all of the printed exhibits, deposition transcripts, pleadings and discovery responses, including the multiple copies thereof, were necessary for use at trial. Insofar as the prevailing party demonstrates that the printing of exhibits was necessarily obtained for use in the case, "trial exhibits … are expressly taxable." *Voudy v. Israel*, No. 15-60129-CV, 2018 WL 4462196, at *2 (S.D. Fla. June 28, 2018) (Snow, J.), *report and recommendation adopted sub nom. Voudy v. Sheriff of Broward Cty. Fla.*, No. 15-60129-CIV-WPD, 2018 WL 4409842 (S.D. Fla. July 31, 2018) (citing *Beach-Mathura v. American Airlines, Inc.*, 571 Fed. Appx. 810, 813 (11th Cir. 2014)). However, Plaintiff's requested rate for reimbursement at $0.25 per page is excessive. The Court recognizes that courts in this District

17

have permitted printing rates up to $0.25 per copy, but that rate is at the very high end, and Plaintiff provides no reason why their rates are so high. The Court finds that the rate of $0.15 per page is more reasonable and in keeping with the majority of approved rates in this District. *See Gould*,, 2022 WL 742737, at *8 ( (approving copies at $.12 per page); *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2019 WL 2245507, at *4 (S.D. Fla. Apr. 17, 2019) (noting that black and white copies with rates between $ 0.15 and $ 0.20 per page were recoverable) (Torres, J.), *report and recommendation adopted*, No. 17-24223, 2019 WL 12265658 (S.D. Fla. July 16, 2019).

Therefore, the Court finds that the request for costs incurred for the printing and copying of 3,735 copies is taxable, however, the per-page rate for those printing and copies is approved at the reduced rate of $0.15 per page. Plaintiff shall submit an amended Bill of Costs reflecting the reduced rate.

### 5. Interpreter Costs (§1920(6))

Plaintiff requests $5,890.00 as reimbursement for interpreter costs, including costs for interpreters during four depositions and trial. Mot. at 7. Defendants respond that the amount sought for interpreter costs is excessive. Resp. at 9-10. Defendants assert the interpreters' hourly rate is more than the allowable federal rate, and the costs incurred in excess of the federal rate should be disallowed. *See id*. In reply, Plaintiff argues the federal rate Defendants refer to only applies to proceedings brought by the United States. Reply at 10.

The interpreter rates referred to by Defendants are prescribed by the schedule of fees under Section 1827 of Title 28 of the United States Code. 28 U.S.C. § 1827. A plain reading of Section 1827 shows that the statute only applies to "proceedings instituted by the United

18

States." *Id*. at (a). The weight of authority supports this reading of the statute. *See* M*endez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *5 (S.D. Fla. Nov. 20, 2020) (Louis, J.) (holding that Section 1827 does not apply in FLSA cases); see also *PayCargo, LLC v. Galbreath*, No. 20-22885-CIV, 2021 WL 8895467, at *2 (S.D. Fla. Apr. 27, 2021) (Torres, J.) (finding that Section 1827 only applies to proceedings initiated by the United States"), *Anderson v. State Bar of Cal.*, 908 F.2d 976 (9th Cir. 1990) (finding Section 1827 inapplicable to a civil case initiated by a private plaintiff). As such, the Court declines to apply the rate prescribed in Section 1827 to this case.

A review of Plaintiff's invoices shows the interpreters' hourly rate for depositions was $120, and their hourly rates for trial were $130 (per interpreter, for two interpreters) and $150 (for one interpreter). *See* ECF 124-1. The undersigned finds these hourly rates are reasonable. *See Pinilla v. Northwings Accessories Corp.,* No. 07-21564-CIV, 2008 WL 11331788, at *7 (S.D. Fla. Mar. 4, 2008) (Simonton), *report and recommendation adopted*, No. 07-21564-CIV, 2008 WL 11331782 (S.D. Fla. Mar. 21, 2008) (finding "that $130.00 per hour is a reasonable rate for an interpreter" to be recovered by the prevailing party).

Defendants also challenge the charge for the interpreter's premium hourly rate for one of the depositions charged because the deposition lasted past 5:00 pm. Resp. at 8. As discussed above regarding the premium rate charged by the court reporter for this same deposition, Defendants bear the burden of demonstrating that the requested cost is not recoverable. The Court finds Defendants have not met their burden of demonstrating that the after-hours fee is not recoverable, and, therefore, the after-hours cost is taxable. See ECF 124-1 at 22.

Plaintiff shall submit a revised application reflecting the above modifications.

## IV. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Application for Bill of Costs [ECF No. 124] and Motion to Tax Costs [ECF No. 125] are **GRANTED IN PART AND DENIED IN PART** as set forth above. Plaintiff shall submit a revised application for the Court's approval that reflects the modifications set forth above and the total amounts due to be awarded. Prior to filing, Plaintiff shall provide a copy of the revised application to Defendants and, when filed, indicate whether there is any disagreement regarding whether the modifications set forth herein were properly made.

**DONE AND ORDERED** in Chambers at Miami, Florida this 23rd day of May, 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE