**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-23270-DAMIAN

VICTOR MANUEL CORONEL RAMIREZ,

    Plaintiff,

vs.

ROSALIA'S INC., KOSMAS A. KALAS,
and MANUEL PAUCAR,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES**
**AND COSTS AGAINST DEFENDANTS AND REQUEST FOR A FEE MUTLIPLIER**
**AND PLAINTIFF'S VERIFIED MOTION FOR SUPPLEMENTAL ATTORNEY**
**FEES AND COSTS [ECF NOS. 126, 143]**

THIS CAUSE is before the Court on Plaintiff, Victor Manuel Coronel Ramirez's, ("Plaintiff" or "Mr. Ramirez"), Verified Motion for Attorneys' Fees and Costs Against Defendants and Request for a Fee Multiplier [ECF No. 126], filed December 1, 2022, and Verified Motion for Supplemental Attorney Fees and Costs [ECF No. 143], filed January 6, 2022. This matter is before the undersigned pursuant to the parties' Consent to Proceed Before a United States Magistrate Judge, in which the parties jointly and voluntarily elected to have the undersigned conduct all further proceedings in this case. [ECF No. 80]. *See* 28 U.S.C. § 636(c).

The undersigned has reviewed the Motions and their supporting documents, Defendants' Responses [ECF Nos. 141, 146], Plaintiff's Replies [ECF Nos. 142, 147], the pertinent portions of the record, and the relevant legal authorities and is otherwise fully

advised in the premises. For the reasons set forth below, the Motions are **GRANTED IN PART AND DENIED IN PART.**

## I. BACKGROUND

On May 7, 2020, Mr. Ramirez filed the Complaint against Defendants in state court [ECF No. 1-2], and Defendants removed the case to this Court on August 6, 2020 [ECF No. 1]. In the Complaint, Mr. Ramirez alleges he was employed as a cook for Defendants from July 2005 to January 2020 and that between May 2017 and January 2020, Defendants willfully and intentionally refused to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. [ECF No.1-2 at ¶¶ 16, 22-23].

In October 2022, the parties proceeded to a jury trial, and on October 28, 2022, the jury returned a verdict in favor of Plaintiff. [ECF No. 115]. The Court entered Final Judgment in favor of Plaintiff on November 1, 2022. [ECF No. 118].

On December 1, 2022, Plaintiff filed the Verified Motion for Attorneys' Fees and Costs pursuant to Title 29, United States Code, Section 216(b), and Federal Rule of Civil Procedure 54(d)(3). [ECF No. 126]. In the Motion, Plaintiff seeks to recover $187,193.75 in attorney's fees, with a fee multiplier of 2 in light of the exceptional result counsel achieved for Plaintiff, and $14,954.35 in costs [1]. *Id*.

In their Response, Defendants argue that the Motion should be denied in part because numerous time entries are either duplicative, redundant, excessive, clerical in nature, contain

---

[1] Separately, Plaintiff filed an Application for Bill of Costs [ECF No. 124] and Motion to Tax Costs [ECF No. 126], which sought the same costs as the Motion for Attorneys' Fees. Those costs were addressed by separate order. [ECF No. 148]. As such, the arguments regarding the $14,954.35 sought in costs are moot and will not be addressed by the Court.

2

insufficient descriptions, or are based on unrecoverable time. [ECF No. 141]. Defendants also argue that the Motion should be denied to the extent it seeks hourly rates higher than are reasonable. *Id*. Lastly, Defendants argue that the request for a fee multiplier should be denied because Plaintiff did not achieve an exceptional result. *Id*.

In Reply, Plaintiff argues that Defendants waived their right to contest the requested hourly rates because they did not timely submit their objections as required by Local Rule 7.3(a). [ECF No. 142]. Plaintiff argues that Defendants' objections to the hours expended by counsel should be denied for the same reason. Lastly, Plaintiff reasserts that a fee multiplier is warranted.

On January 6, 2023, Plaintiff filed a Verified Motion for Supplemental Attorney Fees and Costs. [ECF No. 143]. In that Motion, Plaintiff seeks to recover supplemental fees and costs spent litigating the Motion for Attorneys' Fees and attempting to collect on the Final Judgment. *Id*. In their Response, Defendants argue that the Motion should be denied in part to the extent it seeks non-recoverable attorney fees and costs and requests hourly rates higher than are reasonable. [ECF No. 146]. Additionally, Defendants reassert that Plaintiff's request for a fee multiplier should be denied. *Id*.

## II.  APPLICABLE LEGAL STANDARDS

Section 206 of the FLSA establishes the federally mandated minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. 29 U.S.C. §§ 206, 207. An employer who violates the FLSA is liable to its employee for any unpaid minimum and/or overtime wages and, in enumerated circumstances, for an equal amount in

liquidated damages. 29 U.S.C. § 216(b). When a plaintiff prevails in a FLSA action, the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 802 (11th Cir. 2020) (quoting U.S.C. § 216(b)).

In determining reasonable attorney's fees, the Court looks to the lodestar method as developed by federal case law. Under the lodestar method, as applied by courts in the Eleventh Circuit, attorney's fees are calculated by multiplying the reasonable hours expended times a reasonable hourly rate. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Courts review the hourly rate and attorney time for reasonableness based on the twelve so-called "*Johnson* factors," including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340–41 (11th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The Court may also rely on its own knowledge and experience in determining the reasonableness of fees. *See Norman*, 836 F.2d at 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question [of reasonable hourly rates and hours expended] and may

4

consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation, as well as the burden of showing that an enhancement of the basic fee award is necessary. *N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F.2d 1332, 1338 (11th Cir. 1987).

In assessing the number of hours reasonably expended, the Court should exclude excessive, redundant, or otherwise unnecessary hours from the amount claimed. *Norman*, 836 F.2d at 1301. As the Court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents. *Id*.

### III.   DISCUSSION

Plaintiff seeks attorney's fees for the work of J.H. Zidell, Esq., Natalie Starochak, Esq., and Samuel Gold, Esq., as well as fees for the work of Lisa Novick, a paralegal. Plaintiff also seeks supplemental costs associated with the issuance of writs of garnishment onto Defendants.

#### A. Reasonable Hourly Rates

As a preliminary matter, Plaintiff argues, in the Reply, that Defendants waived their right to contest the requested hourly rates by failing to submit an affidavit opposing the hourly

rates within fourteen days of receiving the Motion for Attorney's Fees, as required by Local Rule 7.3(a)(8). [ECF No. 142 at 1-2].

Local Rule 7.3(a) governs motions for attorney's fees and states in relevant part:

> Within fourteen (14) days after service of the motion [for attorney's fees], the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate.

Local Rule 7.3(a) (alteration added).

Plaintiff argues that Defendants did not submit an affidavit in opposition within fourteen days after service of the Motion for Attorneys' Fees. *See* ECF No. 142 at 1-2. A review of the docket reflects that the parties filed an agreed motion to extend the deadline for Defendants to respond to the Motion for Attorneys' Fees [ECF No. 139] and that the Court granted the agreed motion and extended the deadline for Defendants to respond to December 22, 2022. [ECF No. 140]. The docket further reflects that Defendants filed their Response on December 22, 2022, within the extended deadline, and that Defendants included with their Response an affidavit by attorney Adi Admit regarding defense counsel's hourly rates charged in this case *See* ECF Nos. 141, 141-6. Under these circumstances, the Court finds that Defendants did not waive their right to object to the requested hourly rates.[2]

---

[2] Even if Defendants had waived their right to object to the requested hourly rates, such a waiver would not discharge the Court of its duty to determine the reasonableness of the requested rates.

6

Next, Plaintiff avers that his counsel learned, during the course of this litigation, that Defendants' insurer agreed to cover the costs of Defendants' attorney's fees. [ECF No. 142 at 2]. Plaintiff thus argues that Defendants failed to disclose whether their attorneys' rates charged in this case are discounted in light of this alleged agreement. *Id.* Plaintiff offers no support for the argument that Defendants' attorneys' hourly rates were reduced. On the other hand, in defense counsel's affidavit submitted in support of Defendants' opposition, attorney Adi Amit declared, under oath, that there is no arrangement that may change the effective hourly rate of Defendants' counsel in this matter. [ECF No. 141-6 at ¶ 9]. Defense counsel's sworn statement is unrebutted. Accordingly, the Court will consider Defendants' counsel's hourly rates in determining the reasonableness of Plaintiff's counsel's hourly rates.

The Court now considers whether Plaintiff's counsel's hourly rates are reasonable. A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F.3d 423, 439 (11th Cir. 1999). With regard to hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell*, 112 F.2d at 144).

Here, Plaintiff requests an hourly rate of $425 for Mr. Zidell, $350 for Mr. Gold, $300 for Ms. Staroschak, and $150 for Ms. Novick. [ECF No. 126 at 11]. In support, Plaintiff provides legal authority from the Southern District of Florida where courts found similar rates reasonable. *Id.* at 8-10.

7

Defendants argue that Plaintiff unjustifiably relies on decisions in which the defendants did not object to the reasonableness of the requested rates. [ECF No. 141 at 5-6]. Defendants assert that based on the information provided by Plaintiff, the Court should reduce the hourly rates for Mr. Zidell from $425 to $375, for Mr. Gold from $350 to $250, for Ms. Staroschak from $300 to $200, and for Ms. Novick, the paralegal, from $150 to $125. [ECF No. 141 at 5-8]. In support, Defendants rely on the affidavit of lead defense counsel, Adi Amit, in which Mr. Amit states that his hourly rate for this matter was $300, that the hourly rate for his associates was $200, and the hourly rate for his paralegal was $125. [ECF No. 141-6 at ¶ 8].

Although most of the decisions relied on by Plaintiff to support the reasonableness of his counsel's hourly rates were based on unopposed fee applications, the applicants in those decisions nevertheless bore the burden of establishing that the requested hourly rates were reasonable. The lack of opposition to requested rates does not invalidate the courts' findings that the rates in those cases were reasonable.

Mr. Zidell's requested hourly rate is $425. A review of the relevant authority in this District reflects that attorneys of similar experience are typically awarded between $300 to $400 per hour in similar cases. However, courts in this District have found hourly rates of up to $450 reasonable for similar services by legal professionals of reasonably comparable skills, experience, and reputation as Mr. Zidell. *See Gonzalez v. Radiation Shield Techs.*, No. 20-23262-CIV-GOODMAN, 2021 U.S. Dist. LEXIS 58291, at *2-3 (S.D. Fla. Mar. 25, 2021) (finding hourly rate of $425, which was later increased to $450, reasonable) (Goodman, J.); *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2 (S.D. Fla. Oct. 31, 2019)

8

(Goodman, J.) (finding hourly rate of $425 reasonable), *report and recommendation adopted*, No. 18-20309-CIV, 2019 WL 13144562 (S.D. Fla. Dec. 17, 2019); *Mila v. Big Steve's Deli, LLC*, No. 20-60367-CIV, 2020 WL 9460230, at *2 (S.D. Fla. July 15, 2020) (Snow, J.) (same), *report and recommendation adopted*, No. 0:20-CV-60367, 2020 WL 9460219 (S.D. Fla. Aug. 3, 2020). Based on this Court's own knowledge and experience, and taking the *Johnson* factors into consideration, including consideration of the quality of the representation, counsel's years of experience, and all other pertinent factors, this Court finds that Mr. Zidell's hourly rate of $425 is reasonable and appropriate given the circumstances of this case.

Plaintiff provides less support for the requested rates for Mr. Gold and Ms. Staroschak. Plaintiff asserts that Mr. Gold "was licensed in Florida in 2002 and had several years of employment law experience" and that Ms. Staroschak "is licensed to practice law in the State of Florida since 2015 and has been handling FLSA cases of this nature for approximately three years at the time she left this Firm." [ECF No. 126 at 7]. In support of these requested rates, Plaintiff relies on the decision in *Acosta v. Pajeoly Corp.*, in which the court found that a reduced rate of $325 "is more appropriate for a senior associate working on an FLSA case" and reduced Ms. Staroschak's hourly rate for from $285 to $250. No. 18-23399-CIV, 2020 WL 764127, at *4 (S.D. Fla. Jan. 10, 2020) (Torres, J.), *report and recommendation adopted*, No. 18-CV-23399-CIV, 2020 WL 764035 (S.D. Fla. Jan. 31, 2020). This Court finds that a reduction in Mr. Gold's hourly rate from $350 to $300 and a reduction in Ms. Staroschak's hourly rate from $300 to $275 is appropriate under the circumstances presented in this case.

With regards to the requested hourly rate for Ms. Novick, a paralegal, a review of relevant authority in this District indicates a reasonable hourly rate range of $100 to $150 for

9

paralegals of comparable experience. *Mila*, 2020 WL 9460230, at *2 (finding hourly rate of $150 reasonable); *Garica*, 23399-CIV, 2020 WL 764127 (finding hourly rate of $100 appropriate). Although the requested hourly rate is on the higher side for paralegals in South Florida, the Court observed Ms. Novick's participation in the trial, and Ms. Novick was actively involved and, undoubtably, an instrumental part of Plaintiff's trial team. Therefore, the Court finds that an hourly rate of $150 is appropriate under the circumstances presented in this case.

### B. *Reasonable Hours Expended*

The Court next considers whether the number of hours spent on the matter by Plaintiff's counsel is reasonable. Counsel must use "billing judgment" when requesting attorney's fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F.3d at 427. The party requesting attorney's fees must submit evidence sufficient to allow the court to determine that the requested fees are reasonable. "When a district court finds the number of hours claimed is unreasonably high, the court may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

In the Motion for Attorneys' Fees, Plaintiff requests fees for a total of 542.85 hours worked by counsel and a paralegal. The breakdown of the requested fees is as follows:

- 340.15 hours by J.H. Zidell;
- 62.9 hours by Sam Gold;
- 5.8 hours by Natalie Staroschak; and

10

- 134 hours by paralegal Lisa Novick.

[ECF No. 126 at 11]. In the Supplemental Motion and Reply thereto, Plaintiff requests fees for an additional 35.1 hours worked, broken down as follows:

- 30.4 hours by J.H. Zidell; and
- 4.7 hours by Lisa Novick.

[ECF No. 143-1]. Taken together, Plaintiff requests fees for a total of 577.95 hours worked, broken down as follows:

- 370.55 hours by J.H. Zidell;
- 62.9 hours by Sam Gold;
- 5.8 hours by Natalie Staroschak; and
- 138.7 hours by Lisa Novick.

Defendants argue that the number of hours should be reduced to account for time entries that are clerical in nature, duplicative, redundant, excessive, contain insufficient descriptions, or are based on unrecoverable time. Defendants also argue that Plaintiff should not be compensated for fees spent litigating fees in light of the valid arguments raised in the Response. [ECF No. 146 at 7].

### 1. *Hours Expended on Clerical Work and Paralegal Work*

Defendants argue that they should not be forced to reimburse Plaintiff for time spent performing work that is not traditionally done by an attorney and that does not require a lawyer's skill or training nor for time spent by Ms. Novick attending trial. [ECF No. 146 at 8-10]. Plaintiff argues that time spent filing, attending trial, uploading/saving documents, and preparing trial binders is compensable because no other employee was available to perform

11

those tasks due to the size of Plaintiff's counsel's firm. [ECF No. 142 at 4]. Plaintiff also argues that tasks such as calendaring and inputting filing deadlines should be compensated because of their utmost importance in this District. *Id.*

Fees for paralegal work are recoverable "to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). "Tasks of a clerical nature are not compensable as attorney's fees." *Martin v. Italian Cabinetry, Inc.*, No. 18-CV-24958, 2019 WL 3429919, at *4 (S.D. Fla. June 6, 2019) (O'Sullivan, J.) (quoting *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002)), *report and recommendation adopted*, No. 18-CV-24958-UU, 2019 WL 3425942 (S.D. Fla. June 24, 2019). Examples of clerical work include scheduling, filing, and preparing trial binders. *Ramos v. Arba Constr. Inc.*, No. 20-25192-CIV, 2021 WL 4482659, at *2 (S.D. Fla. Aug. 25, 2021) (McAliley, J.), *report and recommendation adopted*, No. 20-25192-CV, 2021 WL 4480169 (S.D. Fla. Sept. 30, 2021); *Kahn v. Cleveland Clinic Fla. Hosp.*, No. 16-61994-CIV, 2020 WL 10502419, at *6 (S.D. Fla. Apr. 20, 2020) (O'Sullivan, J.).

The Court finds Plaintiff has not satisfied his burden of demonstrating that time spent on clerical work, such as filing, uploading/saving documents, and preparing trial binders is compensable. However, the Court does find that Ms. Novick's time spent in trial is compensable based on her level of involvement in assisting with trial, which, as discussed above, the Court observed first-hand. Accordingly, the Court has conducted an hour-by-hour analysis of Plaintiff's counsel's bills and has removed those hours based on performance of only clerical work.

### *2. Hours Expended Litigating Fees*

With regards to the supplemental fees requested in Plaintiff's Motion for Supplemental Attorney Fees [ECF No. 143], Defendants argue that Plaintiff should not be reimbursed for 16.9 hours spent reviewing Defendants' Response to the Motion for Attorneys' Fees and drafting his Reply in light of the valid arguments raised by Defendants in their Response. [ECF No. 146 at 7]. Defendants similarly argue that Plaintiff is not entitled to fees for the 5.1 hours spent researching and drafting the Motion for Supplemental Attorney Fees. *Id*. And Defendants argue that Plaintiff should not be reimbursed for fees incurred collecting on the Final Judgment because Plaintiff failed to indicate what efforts were made to collect on the Final Judgment and whether the work was necessary. *Id*.

Plaintiff argues that the authority in the Eleventh Circuit establishes entitlement to an award of "fees on fees." [ECF No. 147 at 2]. Plaintiff also attaches emails sent to defense counsel requesting that Defendants voluntarily pay the Final Judgment to demonstrate that fees incurred in attempting to collect on the Final Judgment were necessary. [ECF No. 147-1].

The Court agrees that under the precedent in the Eleventh Circuit, Plaintiff is entitled to recover fees incurred litigating the amount of attorney's fees. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010). Whether Defendants' arguments in opposition to the requested fees are valid or substantially justified does not affect Plaintiff's entitlement to the fees. *See Jean*, 863 F.2d at 780. As the court pointed out in *Jean*, not allowing fees-on-fees would undermine the congressional policies behind awarding attorney's fees. *See id*. However, the Court agrees with Defendants that several time entries are excessive and, therefore, will

13

reduce the hours recoverable accordingly. Moreover, under the FLSA, Plaintiff is entitled to recover his reasonable attorney's fees incurred in collecting the Final Judgment. *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 WL 36550, at *5 (S.D. Fla. Jan. 6, 2009) (O'Sullivan, J.). Here, Plaintiff has established that reasonable efforts were made to collect on the Final Judgment, including applying for and obtaining three writs of garnishment [ECF No. 134-136]. Plaintiff may recover fees for these efforts.

Based on the foregoing and a review of the record activity regarding Plaintiff's fee applications, the Court finds that Plaintiff may recover fees incurred litigating the amount of attorney's fees and attempting to collect on the Final Judgment, albeit in the reduced amounts indicated.

### 3. *Defendants' Other Objections*

Defendants argue that the amount of hours recoverable should also be reduced to account for time entries that are duplicative, redundant, excessive, contain insufficient descriptions, or are based on unrecoverable time. In support, Defendants provide a spreadsheet identifying the contested time entries and the bases for each objection. [ECF No. 141-7]. In reply, Plaintiff argues that Defendants' chart of objections lacks specificity and supporting legal authority, as required by Local Rule 7.3(a). [ECF No.142 at 6]. Plaintiff also insists that his counsel's billing entries are not vague nor otherwise insufficient. *Id*.

Local Rule 7.3(a) states, in relevant part, "[T]he respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, **and shall provide supporting legal authority**."(emphasis added). Other than the objections regarding clerical work discussed

14

above, Defendants did not provide legal authority supporting its objections to specific time entries. Regardless, the Court has carefully reviewed the billing records to determine whether the amounts sought are reasonable. Based upon an hour-by-hour review of the records, the Court finds that Plaintiff's requested hours warrant reduction based on time entries for clerical work; that are duplicative, redundant, or excessive; contain insufficient descriptions; or are based on unrecoverable time. After these reductions, the Court finds the following amounts reasonable:

- 307.3 hours by J.H. Zidell;
- 56.8 hours by Sam Gold;
- 4.1 hours by Natalie Staroschak; and
- 111.6 hours by Lisa Novick.

### C. Loadstar Amount

After taking into consideration the above findings, including reductions to hourly rates and the reasonable number of hours billed, and applying the lodestar method pursuant to *Norman* and *Johnson*, the Court finds that a reasonable amount of attorney's fees in this case is **$165,510** (307.3 x $425+ 56.8 x $300 + 4.1 x 275 + 111.6 x $150).

### D. Fee Multiplier

The Court next considers whether the lodestar amount should be adjusted up or down based on the results obtained. Plaintiff requests the Court assess an attorney fee multiplier of 2 to the reasonable amount of fees because of the exceptional result Plaintiff's counsel achieved for their client. [ECF No. 126 at 4].

Normally, when a plaintiff has obtained an excellent result, his attorney should recover all hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 435. There may be some cases of "exceptional success" where an enhanced award may be justified. *Id*. However, even a complete victory for a plaintiff does not require an enhanced award because "winning on all claims" is not "so unusual that it must be deemed 'exceptional.'" *Jones v. Cent. Soya Co.*, 748 F.2d 586, 591 (11th Cir. 1984).

Here, although Plaintiff prevailed on his claims, the Court finds that the result was not "exceptional" and therefore an enhancement is not warranted. Accordingly, the Court denies Plaintiff's request for a fee multiplier.

### E. Supplemental Costs Requested

The following costs are taxable against a losing party:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court may still exercise discretion in awarding the costs that Section 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The Court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing

16

*Crawford Fitting Co.*, 482 U.S. at 445). Moreover, the Court must independently review the costs sought to determine whether they are recoverable under Section 1920. *See Monelus v. Tocodrian, Inc*, 609 F. Supp. 2d 1328, 1333 (Dimitrouleas, J.) ("Although [the] [p]laintiff has failed to object to the costs set forth in [the] [d]efendant's [m]otion, the Court nonetheless reviews each category of the items sought in the [d]efendant's [m]otion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute.").

Here, Plaintiff seeks to recover $440 in costs related to efforts to collect on the Final Judgment. [ECF No. 143]. However, as Defendants correctly point out, such costs are not taxable under Section 1920. In reply, Plaintiff argues that even though costs related to the collection of a final judgment do not fit into the enumerated categories in Section 1920, such costs are compensable under the FLSA. [ECF No. 147 at 3]. Plaintiff provides legal authority to support his position that *fees* incurred in relation to collecting a final judgment are recoverable under the FLSA. The authority cited by Plaintiff does not, however, support an award of *costs* incurred in collecting on a final judgment. On the other hand, it is clear that these costs are not taxable under Section 1920.

Accordingly, the Court denies Plaintiff's request for $440 in supplemental costs.

### IV.     CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Attorneys' Fees and Costs Against Defendants and Request for a Fee Multiplier [ECF No. 126] and Plaintiff's Verified Motion for Supplemental Attorney Fees and Costs [ECF No. 143] are **GRANTED IN PART AND DENIED IN PART**. It is further

**ORDERED AND ADJUDGED** that Plaintiff is entitled to an award of $165,510 in attorney's fees to be paid by Defendants, jointly and severally.

The Court will issue a judgment as to fees and costs by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of June, 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE